**FILED**

4/24/2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 22 CR 460 |
| v. | Judge Andrea R. Wood |
| EMIL JONES, III | |

## JURY INSTRUCTIONS

## Functions of Court and Jury

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give each of you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

<u>The Charges</u>

The charges against the defendant are in a document called an information. You will have a copy of the information during your deliberations.

The information in this case charges the defendant with committing three federal crimes: (1) corruptly soliciting, agreeing to accept, and accepting a bribe, namely, a $5,000 payment and money for his associate; (2) using a facility in interstate commerce, namely, an email account, with the intent to promote, manage, establish, or carry on an unlawful activity, namely, violations of Illinois state laws concerning bribery and official misconduct; and (3) making a false statement to the Federal Bureau of Investigation. The defendant has pleaded not guilty to the charges.

The information is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

<u>Presumption of Innocence/Burden of Proof</u>

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

<u>The Evidence</u>

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the internet, text messages, e-mails, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he or she thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

<u>Considering the Evidence</u>

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

<u>Direct and Circumstantial Evidence</u>

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

<u>Number of Witnesses</u>

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

<u>Credibility of Witnesses</u>

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony, including that of the defendant. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

<u>Attorney Interviewing Witness</u>

It is proper for an attorney to interview any witness in preparation for trial.

<u>Prior Inconsistent Statement by Defendant</u>

You have heard evidence that before the trial, the defendant made statements that may be inconsistent with his testimony here in court. You may consider an inconsistent statement by the defendant made before the trial to help you decide how believable the defendant's testimony was here in court, and also as evidence of the truth of whatever the defendant said in the earlier statement.

<u>Witness Receiving Benefits</u>

You have heard testimony from Omar Maani, who has received a benefit in return for his cooperation with the government.

You may give this witness's testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

<u>Statements by Defendant</u>

You have heard testimony and received evidence that the defendant made statements to special agents of the Federal Bureau of Investigation and Internal Revenue Service. You must decide whether the defendant actually made the statements and, if so, how much weight to give to the statements. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statements may have been made.

<u>Recorded Conversations/Transcripts</u>

You have heard recorded conversations and seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the recorded conversations and the conversations on the video recordings to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence.

If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned. You may consider a person's actions, facial expressions, and lip movements that you are able to observe on a video recording to help you determine what was said and who said it.

I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to listen to a recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

If, during your deliberations, you wish to have another opportunity to view the transcripts as you listen to a recording, send a written message to the court security officer, and I will provide you with the transcripts.

<u>Summaries and Charts Received in Evidence</u>

Certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence.

<u>Juror Note-Taking</u>

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

## Government Investigative Techniques

You have heard evidence obtained from the government's use of deceptive investigative techniques, such as the use of a cooperating individual and secret audio and video recordings. The government is permitted to use these techniques. You should consider evidence obtained this way together with and in the same way you consider the other evidence.

<u>Dates of Crimes Charged</u>

The information charges that the crimes happened "in or around" or "on or about" certain dates. The government must prove that the crimes happened reasonably close to those dates. The government is not required to prove that the crimes happened on those exact dates.

<u>Separate Consideration—One Defendant Charged with Multiple Crimes</u>

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

## Speculation Concerning Persons or Companies

You should not speculate why any other person or company whose name you may have heard during the trial or who is referenced in the information is not currently on trial before you.

Count One—Elements

Count One of the information charges the defendant with corruptly soliciting, agreeing to accept, and accepting a bribe. In order for you to find the defendant guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.      The defendant was an agent of a state government; and

2.      The defendant solicited, agreed to accept, or accepted a thing of value from another person; and

3.      The defendant did so corruptly, that is, with the belief that something of value is to be exchanged for action to be taken within the state agent's official duties; and

4.      The defendant acted with the intent to be influenced or rewarded in connection with some business, transaction, or series of transactions of the state government; and

5.      This business, transaction, or series of transactions involved a thing of a value of $5,000 or more; and

6.      The state government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance, or other assistance.

For purposes of the fifth element above, the subject matter of the bribe—not something to which the subject matter of the bribe is tangentially related—must be valued at $5,000 or more. To determine whether the subject matter of the bribe is

valued at $5,000 or more, you may consider (a) the value of the bribe, that is, the amount the giver was willing to pay for the benefit and the receiver was willing to take to provide the benefit, or (b) the value of the benefit the giver will receive if the bribe is successful.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count One.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one or more of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count One.

<u>Count One—Definition of "Agent"</u>

An "agent" is a person who is authorized to act on behalf of a state government, including an employee, officer, or representative.

The agent need not have exclusive control over the business, transaction, or series of transactions; influence is sufficient.

<u>Count One—"Intent to be Influenced or Rewarded"</u>

The government does not need to prove that the defendant had the power to or did perform an official act for which he was promised or for which he agreed to receive something of value. It is sufficient if the matter was before him in his official capacity. The government also does not need to prove that the defendant intended to actually be influenced or rewarded, so long as the defendant intended to convey to the giver that the thing of value would influence or reward him.

<u>Job Recommendations</u>

Job recommendations tendered by a public official, without more, are not unlawful. Instead, the government must prove the elements of the charged offenses set forth in these instructions.

## Count Two—Elements

Count Two of the information charges the defendant with using a facility in interstate commerce, namely, an email account, with the intent to promote, manage, establish, and carry on an unlawful activity, namely, violations of Illinois state laws concerning bribery and official misconduct. In order for you to find the defendant guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.    The defendant used or caused to be used a facility in interstate or foreign commerce; and

2.    The defendant did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3.    Thereafter the defendant did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Two.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one or more of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Two.

<u>Count Two—Definition of "Unlawful Activity"</u>

For the purposes of Count Two, "unlawful activity" means bribery or official misconduct in violation of the laws of the State of Illinois.

The government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Count Two. However, you must unanimously agree on that unlawful activity.

The two unlawful activities alleged in Count Two are (1) bribery in violation of Chapter 720 Illinois Compiled Statutes § 5/33-1(d), and (2) official misconduct in violation of Chapter 720 Illinois Compiled Statutes § 5/33-3(a)(4).

Illinois Compiled Statutes are referred to in abbreviated form as "ILCS."

Chapter 720 ILCS § 5/33-1(d) prohibits a form of bribery. A person commits this offense when:

a. The person receives, retains, or agrees to accept any property or personal advantage from another party that the person is not authorized by law to accept; and

b. The person knew that the property or personal advantage was tendered or promised with intent to cause him or her to influence the performance of any act related to the employment or function of a public officer or public employee.

Chapter 720 ILCS § 5/33-3(a)(4) prohibits a form of official misconduct. A person commits this offense when:

a. The person is a public officer or public employee; and

b. When in his or her official capacity, the person solicits or knowingly accepts for the performance of any act a fee or reward which the person knows is not authorized by law.

27

As used in this instruction, a "public officer" means a person who is elected to office pursuant to statute to discharge a public duty for the State of Illinois or any of its political subdivisions.

<u>Count Two—Definition of "Not Authorized by Law"</u>

You should consider the following state laws only for the limited purpose of informing you whether certain conduct was "authorized by law" for purposes of the Illinois bribery statute, 720 ILCS § 5/33-1(d), and the Illinois official misconduct statute, 720 ILCS § 5/33-3(a)(4).

During all times relevant to the charges, there was an Illinois law called the State Officials and Employees Ethics Act, 5 ILCS § 430/1-1 *et seq.*

The State Officials and Employees Ethics Act provides that: "Except as otherwise provided in this Article, no officer, member, or State employee shall intentionally solicit or accept any gift from any prohibited source or in violation of any federal or State statute, rule, or regulation. This ban applies to and includes the spouse of and immediate family living with the officer, member, or State employee." 5 ILCS § 430/10-10.

A "gift" means any "tangible or intangible item having monetary value including, but not limited to, cash, food and drink, and honoraria for speaking engagements related to or attributable to government employment or the official position of an employee, member, or officer." 5 ILCS § 430/1-5.

Under 5 ILCS § 430/1-5, the definition of "prohibited source" includes any person or entity who:

(1)     Is seeking official action (i) by the member or officer or (ii) in the case of an employee, by the employee or by the member, officer, State agency, or other employee directing the employee;

29

(2)     Does business or seeks to do business (i) with the member or officer or (ii) in the case of an employee, with the employee or with the member, officer, State agency, or other employee directing the employee;

(3)     Conducts activities regulated (i) by the member or officer or (ii) in the case of an employee, by the employee or by the member, officer, State agency, or other employee directing the employee; or

(4)     Has interests that may be substantially affected by the performance or non-performance of the official duties of the member, officer, or employee.

Under 5 ILCS § 430/10-15, the gift ban does not apply to the following:

(1)     Opportunities, benefits, and services that are available on the same conditions as for the general public.

(2)     Anything for which the officer, member, or State employee pays the market value.

(3)     Any (i) contribution that is lawfully made under the Election Code or under this Act or (ii) activities associated with a fundraising event in support of a political organization or candidate.

(4)     A gift from a relative.

(5)     Anything provided by an individual on the basis of a personal friendship unless the member, officer, or employee has reason to believe that, under the circumstances, the gift was provided because of the official position or employment of the member, officer, or employee and not because of the personal friendship.

(6)     Food or refreshments not exceeding $75 per person in value on a single calendar day; provided that the food or refreshments are (i) consumed on the premises from which they were purchased or prepared or (ii) catered.

(7)     Food, refreshments, lodging, transportation, and other benefits resulting from the outside business or employment activities (or outside activities that are not connected to the duties of the officer, member, or employee as an office holder or employee) of the officer, member, or employee, or the spouse of the officer, member, or employee, if the benefits have not been offered or enhanced because of the official

position or employment of the officer, member, or employee, and are customarily provided to others in similar circumstances.

(8)     Intra-governmental and inter-governmental gifts.  For the purpose of this Act, "intra-governmental gift" means any gift given to a member, officer, or employee of a State agency from another member, officer, or employee of the same State agency; and "inter-governmental gift" means any gift given to a member, officer, or employee of a State agency, by a member, officer, or employee of another State agency, of a federal agency, or of any governmental entity.

(9)     Any item or items from any one prohibited source during any calendar year having a cumulative total value of less than $100.

During all times relevant to the charges, there was an Illinois law called the

Illinois Governmental Ethics Act, 5 ILCS § 420/1-101 *et seq*.

Under 5 ILCS § 420/3-102, the Illinois Governmental Ethics Act provides that:

No legislator may accept any economic opportunity, under circumstances where he knows or should know that there is a substantial possibility that the opportunity is being afforded him with intent to influence his conduct in the performance of his official duties.

<u>Counts One and Two—Campaign Contributions</u>

Acceptance by an elected official of a campaign contribution, by itself, does not constitute bribery or official misconduct, even if the person making the contribution has business pending before the official. However, if a public official receives or attempts to obtain a campaign contribution, believing that it is or would be given in exchange for a specific requested exercise of his official power, he has committed bribery.

<u>Count Three—Elements</u>

Count Three of the information charges the defendant with making a false, fictitious, and fraudulent statement in a matter within the jurisdiction of the Federal Bureau of Investigation.  In order for you the find the defendant guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.    The defendant made a statement; and

2.    The statement was false, fictitious, or fraudulent; and

3.    The statement was material; and

4.    The defendant acted knowingly and willfully; and

5.    The defendant made the statement in a matter within the jurisdiction of the executive branch of the government of the United States.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Three.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one or more of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Three.

## Count Three—Definitions

A statement is "false" or "fictitious" if it was factually untrue when made.

A statement is "fraudulent" if it was made with intent to deceive.

A statement is "material" if it is capable of influencing the actions of the Federal Bureau of Investigation. The government is not required to prove that the statement actually influenced the actions of the Federal Bureau of Investigation.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

A person acts "willfully" if he acts voluntarily and intentionally, and with the intent to do something illegal.

The Federal Bureau of Investigation is a part of the executive branch of the government of the United States. Statements concerning potential violations of federal criminal law are within the jurisdiction of that branch.

<u>Count Three—Unanimity as to Statement</u>

Count Three charges the defendant with making more than one false, fictitious, or fraudulent statement. The government is not required to prove that the defendant made every one of the false, fictitious, or fraudulent statements alleged in Count Three. However, the government is required to prove that the defendant made at least one of the false, fictitious, or fraudulent statements. To find that the government has proven this, you must agree unanimously on which particular false, fictitious, or fraudulent statement the defendant made, as well as all of the other elements of the crime charged.

## Count Three—Good Faith

If the defendant acted in good faith, then he lacked the knowledge or willfulness required to prove the offense of making a false, fictitious, or fraudulent statement as charged in Count Three. A defendant acted in good faith if, at the time, he honestly believed the truthfulness of the statement that the government has charged as being false, fictious, or fraudulent, and did not intend to deceive. A defendant does not have to prove his good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted knowingly and willfully, as charged in Count Three.

<u>Punishment</u>

In deciding your verdict, you should not consider the possible punishment for the defendant who is on trial. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

<u>Jury Deliberations</u>

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, computer, text messaging, instant messaging, the internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, X (formerly known as Twitter), TikTok, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

<u>Verdict Form</u>

A verdict form has been prepared for you. The verdict form will be provided to you in the jury room.

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

<u>Unanimity/Disagreement Among Jurors</u>

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.